

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CASE NO. 9:06-CR-29 |
| | § | |
| TRACY R. SPEARS | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Tracy R. Spears, violated conditions of supervised release imposed by United States District Judge Sharon L. Blackburn. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release

The Court conducted a hearing on April 26, 2011, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of her supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On July 25, 2002, The Honorable Sharon L. Blackburn, United States District Judge for the Northern District of Alabama, sentenced Ms. Spears after she pled guilty to the offense of Bank Fraud, three counts, a Class B felony. Judge Blackburn sentenced the defendant to six (6) months imprisonment followed by sixty (60) months supervised release, subject to the standard conditions of release, plus special conditions to include do not incur any new debts, drug and alcohol counseling with aftercare services, and restitution in the amount of $17,225.10.

On March 21, 2003, Tracy R. Spears completed her period of imprisonment and began

service of the initial supervision term. On February 27, 2004, her supervised released was revoked and she was sentenced to 24 months imprisonment and 36 months supervised release, subject to the standard conditions of release to include no new lines of credit or new debts, participation in drug and alcohol counseling and aftercare services, participation in mental health counseling program at the direction of the probation officer, and pay restitution in the amount of $17,225.10.

On October 18, 2005, Tracy Spears completed the second period of imprisonment and began the current supervision term. On July 5, 2006, jurisdiction over this proceeding was transferred to the Eastern District of Texas from the Northern District of Alabama. The case is now assigned to United States District Judge Ron Clark.

### B. Allegations in Petition

The United States alleges that Defendant violated the following standard condition of supervised release:

*The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.*

Specifically, Ms. Tracy Spears has failed to provide a monthly report form for the months of January 2006, February 2006, March 2006, April 2006 and May 2006.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. If the case proceeded to a contested hearing, the Government would offer evidence establishing that Ms. Spears was placed on a second term of supervised release commencing October 18, 2005, and as a condition of supervised release, the defendant was required

to submit monthly written reports to her probation officer. The Government would also offer testimony establishing that Ms. Spears failed to provide monthly reports to her probation officer for the months of January, February, March, April and May 2006.

Defendant, Tracy R. Spears, offered a plea of true to the allegations. Specifically, Ms. Spears agreed with the evidence presented and pled true to the allegation that she failed file monthly reports for the months alleged in 2006 in violation of her supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of her supervised release by failing to file reports with her probation officer in January, February, March, April and May 2006.

If the Court finds that Ms. Spears violated her supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the defendant's criminal history category of I and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three years, less any time the defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3). Because Ms. Spears' original term of supervised release was revoked and she was sentenced to a term of 24 months on the revocation, the maximum term of imprisonment she faces on this revocation is reduced to 12 months.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that she violated her supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of her supervision conditions by failing to file monthly reports with her probation officer. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Tracy R. Spears, to serve a term of **six (6) months imprisonment**, with no further supervision term upon her release. The Court also recommends that Ms. Spears be placed in the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Federal Medical Center (FMC) Carswell, located in Fort Worth, for service of her imprisonment term to enable treatment for her fibromyalgia, lupus and diabetes.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 28th day of April, 2011.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE